UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Melody, Good Girl Incorporated            Case No. 8:16-bk-10587-KRM

    Debtor.                                 Small Business Case under Chapter 11

_____/

**MOTION FOR AUTHORITY TO USE CASH
COLLATERAL *NUNC PRO TUNC* TO THE PETITION DATE**

Melody, Good Girl Incorporated, a Florida profit corporation, debtor and debtor-in-possession ("Debtor"), by and through its undersigned counsel, hereby files its Motion for Authority to Use Cash Collateral *Nunc Pro Tunc* to the Petition Date (the "Motion") pursuant to 11 U.S.C. §363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor would Show:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter for this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §105, 363, and 541 of the Bankruptcy Code. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

**Background**

2. On December 13, 2016 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in this case and no official committees have been appointed pursuant to §1102 of the Bankruptcy Code.

## Relief Requested and Grounds for Relief

5. By this Motion, the Debtor respectfully requests a preliminary hearing to consider the immediate entry of an Interim Order authorizing the Debtors' limited use of cash collateral *nunc pro tunc* to the Petition Date to the extent needed to avoid immediate and irreparable harm to the Debtor's estate until a subsequent Final Hearing can be conducted to consider the relief requested in this Motion.

6. The Debtor believes that Atlantic Coast Bank, Absolute Disaster Services, LLC, Servpro Industries, Inc., and On Deck Capital Inc. (collectively the "Secured Creditors"), claim perfected and enforceable security interest and lies on, amount other assets, the Debtor's account and trade receivables which constitute the Secured Creditors' cash collateral (the "Cash Collateral") pursuant to promissory notes and UCC-1 financing statements 201206148673, 201206225120, 20126246179, 201206336194, 20120634183X, and 20120247974 filed with the Florida Department of State's Secured Transactional Registry.

7. A projected six (6) month operational budget with respect to the Secured Creditors' Collateral is attached hereto as **Exhibit A.**

8. The Debtor intends to provide Secured Creditors with replacement liens to the same extent and validity as held by Secured Creditors Pre-Petition and other terms as set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit B.**

9. The Debtor proposes to use Cash Collateral for the continued operation of the business and for the care, maintenance and preservation of the Debtor's assets. Except as specifically authorized by law, court order, or an agreement by and between the Secured Creditors and the Debtor, the Debtor will not use cash collateral to pay pre-petition obligations.

10. The Debtor requests authority to use Cash Collateral immediately to fund the operating expenses necessary to continue the operation of the business and to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

11. If the Debtor is denied the ability to immediately use the Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the Debtor's business and on the value of its assets. In order to continue its business activity in an effort to achieve a successful reorganization, the Debtor must use the Cash Collateral in its ordinary business operations. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations which will result in irreparable injury to the Debtor and its chances of reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Estate. Indeed, it is in the best interest of the Secured Creditors that the Debtor uses the Cash Collateral, if such usage will preserve the value of the Estate and the Cash Collateral.

12. The interest of the Secured Creditors will be adequately protected by the Debtor's continued operation. The Debtor further alleges that all conditions precedent to the use of the Cash Collateral have been performed or have occurred.

13. If allowed to use the Cash Collateral, the Debtor believes that it can operate its business during the Chapter 11 and successfully reorganize its business.

WHEREFORE, the Debtor respectfully requests that this Court enter an order permitting the Debtor to use the Secured Creditor's Cash Collateral pursuant to the terms set forth herein, scheduling a preliminary hearing on the Motion and scheduling a final cash collateral hearing in accordance with Bankruptcy Rule 4001 (b) (2), and granting such other and further relief as may be just and proper.

Dated:  December 20, 2016

Respectfully submitted,

/s/James W. Elliott
James W. Elliott, Esquire
Florida Bar No.040961
james@mcintyrefirm.com
MCINTYRE THANASIDES BRINGGOLD
   ELLIOTT GRIMALDI & GUITO, P.A.
500 E. Kennedy Blvd., Ste. 200
Tampa, Florida 33602
813.223.0000
813.899.6069 (F)
*Attorneys for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this   day of 20th day of December, 2016, via the Court's CM/ECF system or U.S. Mail to:

**Office of the US Trustee**, 501 East Polk Street, Ste. 1200, Tampa, FL 33602

**Debtor**, Melody, Good Girl Inc., 6039 Cypress Gardens Boulevard, #502, Winter Haven, Florida 33884

**Attorney for Debtor** McIntyre Thanasides Bringgold Elliott Grimaldi & Guito, P.A.,500 E. Kennedy Blvd., Ste. 200, Tampa, FL 33602

**Secured Creditor,** Atlantic Coast Bank, Registered Agent, Attn: John K. Stephens, President and CEO, 4655 Salisbury Road, Ste. 110, Jacksonville, FL 32256; Atlantic Coast Bank/SBA,

Attn: Carol Baldwin, Manager, 505 Haines Ave., P.O. Box 1256, Waycross, GA 31502-1256; Atlantic Coast Bank, Attn: Carol Baldwin, Manager, 2110 Memorial Dr., Waycross GA 31501

**Secured Creditor,** Absolute Disaster Services, LLC, Registered Agent, George Hernandez, 14717 Josair Drive, Orlando, FL 32826; Absolute Disaster Services, LLC, Attn: George Hernandez, Pres. & Managing Member, 12472 Lake Underhill Road, #431, Orlando, FL 32828-7144

**Secured Creditor**, On Deck Capital, Inc., Attn: Noah Breslow, CEO & Director, 1400 Broadway, 25th Floor, New York NY 10018-5225-; Corporation Service Company, Reg. Agent, 1201 Hays Street, Tallahassee, FL 32301-2525

**Secured Creditor**, Servpro of Washington County, Attn: Dion Luzzi, President, 67A Tom Harvey Rd, Westerly RI 02891-3617

**All Creditors and LBR 1007-2 Parties in Interest List**

/s/James W. Elliott
Attorney
FBN: 040961